IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rick Vaia, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 16-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(jury demand)* |
| Cook County, Illinois, and Sabrina | ) | |
| Rivero-Canchola | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Rick Vaia, by counsel, alleges as follows:

1.     This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2.     Plaintiff Rick Vaia is a former inmate of the Cook County Jail.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4.     Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5.     Defendant Rivero-Canchola is the ADA Compliance Officer for the Cook County Sheriff and is sued in her individual capacity.

6.    Defendants Sheriff and Cook County have received federal funds since at least 2011.

**COUNT I:    ADA/RA VIOLATIONS AT COOK COUNTY JAIL**

7.    Since approximately 2006, plaintiff, under the care of a medical doctor, has required the use of assistive devices, including a wheelchair, a motorized wheelchair, canes, and crutches to move from place to place as a result of a several debilitating medical conditions that substantially impair plaintiff's ability to move from place to place.

8.    Plaintiff entered the Cook County Jail on September 18, 2015. At the time of plaintiff's admission to the Jail defendants were aware that plaintiff was physically disabled, required assistive devises to move from place to place, and was a "qualified individual with a disability" protected by the ADA and Rehabilitation Act.

9.    At this time, all defendants knew that plaintiff, as a physically disabled inmate, had an impairment that interfered with his ability to move from place to place, that plaintiff required a special toilet, sick, and shower facilities, and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities (an "ADA accessible housing unit").

10.    At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual with a disability who enters the Jail.

11.    Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

-2-

12. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to various inaccessible housing units, primarily on 3 North of the Cermak Infirmary and tier 3E of the Residential Treatment Unit.

13. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

14. As a result of foregoing, plaintiff was unable to use the Jail's toilets, showers, beds, or common area facilities on the same basis as other detainees and suffered physical injuries, including falls.

## COUNT II:   ADA/RA VIOLATIONS WHEN ATTENDING COURT

15. In addition to being confined to inaccessible housing units, plaintiff was discriminated against because of his disability each time he attended court at the Maywood courthouse, specifically by being denied access to toilet facilities and accessible holding cells. In addition, plaintiff was similarly discriminated against because of his disability when he attended court at Harrison and Kedzie (also known as Branch 43).

16. At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

17. At all times relevant, defendants have turned a blind eye to the above described discrimination.

**COUNT III: DELIBERATE INDIFFERENCE AGAINST RIVERO - CANCHOLA**

18.    In her capacity as the ADA Compliance Officer, defendant Rivero-Canchola is notified each time a person with a physical disability, like plaintiff, enters the Cook County Jail.

19.    In addition to the above described mobility aids, plaintiff required the use of a medical brace ordered by his medical provider to put weight on his left leg.

20.    When plaintiff was transferred to the Residential Treatment Unit in approximately November of 2015, defendant Rivero-Canchola knew that plaintiff suffered from a physical impairment that interfered with his ability to move from place to place, that plaintiff required the use of assistive aids to move from place to place, and that for plaintiff to put weight on his left leg, he required a special knee brace.

21.    Armed with this knowledge, defendant Rivero-Canchola made a deliberate decision to confiscate plaintiff's wheelchair and crutches on several occasions.

22.    In this condition, plaintiff requested defendant to provide him with a knee brace so that he had some ability to ambulate. Although defendant Rivero-Canchola retrieved plaintiff's knee brace from the Jail's property storage department, defendant refused to give it to plaintiff or take any effort to facilitate the issuance of a jail approved knee brace for plaintiff.

23.    Defendant Rivero-Canchola knew that without any form of mobility aid, plaintiff suffered gratuitous pain moving from place to place and that plaintiff, due to several hip replacements and fused vertebrae, and was at serious risk of falling.

24.    When deprived of assistive devices by defendant Rivero-Canchola, plaintiff Vaia was compelled to spend nearly every waking hour confined to his cell bed.

25.    Without assistive devices, plaintiff sustained two falls in his cell when attempting to use the designated cell lavatory.

26.    Periodically, plaintiff would be permitted by the correctional staff to use a wheelchair while assigned to Tier 3E. Each time defendant Rivero-Canchola became aware that plaintiff was in possession of a wheelchair she would confiscate it knowing plaintiff, without this devise, was without the ability to safely move from place to place.

27.    As a result of the above described wrongdoing, defendant Rivero-Cancola was deliberately indifferent to plaintiff's serious medical condition.

28.    Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court award punitive damages against defendant Rivero-Canchola, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/    Patrick W. Morrissey
        ARDC No. 6309730
        Thomas G. Morrissey
        Thomas G. Morrissey, Ltd.
        10150 S. Western Ave., Ste. Rear
        Chicago, Illinois 60643
        (773) 233-7900

        *Attorneys for Plaintiff*

-5-